Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUAN HERNANDEZ REYES, individually and *dba* REYES DRYWALL CONSTRUCTION, <br><br> Defendant. | Case No.: C12-0695 JSW <br><br> **REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION; DECLARATION OF BLAKE E. WILLIAMS IN SUPPORT THEREOF AND ORDER THEREON** |

I, Blake E. Williams, declare:

1. I am the attorney of record for Plaintiffs herein.

2. On November 7, 2011, both parties entered into a Stipulation for Entry of Judgment ("Stipulation"), establishing a payment plan to satisfy the amounts owed by Defendant to Plaintiffs in this action. A true and accurate copy of the Stipulation is attached hereto as ***EXHIBIT A***.

3. Pursuant to ¶ 9 of the Stipulation, Juan Hernandez Reyes personally guaranteed all amounts due for monthly contributions due for work performed by their employees.

4. Pursuant to ¶ 3(a) of the Stipulation, beginning on November 10, 2011 and continuing on or before the 10th day of each month for a period of five (5) months, Defendant was to make monthly stipulated payments to Plaintiffs in the amount of $1,500.00.

-1-
REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-0695 JSW

5. Defendant made one payment under the Stipulation, totaling $1,500.00, of which $1,467.43 was principal. Therefore, as of November 14, 2011, the date of Defendant's last payment, **$5,736.87** remains due and owing under the Stipulation.

6. Pursuant to ¶ 3 of the Stipulation, a conditional waiver of **$1,257.60** in liquidated damages was subject to Defendant's timely compliance with all obligations set forth in the Stipulation, and Trustee approval, and became due and payable upon default of any of the terms of the Stipulation.

7. One hundred and forty-eight (148) days have elapsed from November 14, 2011, the date of the last payment, to April 10, 2012. Therefore interest of **$116.31**, at the rate of 5% per annum, has accrued through April 10, 2012.

8. Pursuant to ¶¶ 6 and 8 of the Stipulation, Defendant was also required to remain current in monthly contributions due to Plaintiffs under the Collective Bargaining Agreement. Failure by Defendant to remain current in contributions constituted a default of the Stipulation and all additional unpaid contributions incurred during the stipulated payment period were to be added to and become part of the Judgment balance, together with 5% per annum interest (from the first of the month following the month due, until paid) and 20% liquidated damages. Defendant failed to pay the contribution balance due for the month of September 2011, in the amount of **$2,202.40.** Defendant also failed to report or pay October 2011 through March 2012, thereby constituting a default of the Stipulation.

Pursuant to the policies and procedures of the Trust Fund, where no contribution reports have been provided, contributions are estimated based on the last amount reported by Defendant. Defendant reported $6,602.40 due for the hours worked in September 2011. Therefore, contributions for October through March 2012 are estimated at **$6,602.40 each month** and liquidated damages at **$1,320.48** for each estimated month. A breakdown of the interest assessed is provided in the chart below. No interest is calculated for March 2012 because it is not considered delinquent until April 30, 2012. Plaintiffs believe that Defendant will not pay March 2012 on time, and therefore, is including that month to this Request. All the above-referenced amounts are also due and payable and added as part of the Judgment.

9. In accordance with ¶¶ 3(f) and 6 of the Stipulation, Defendant shall be considered to be in default under the Stipulation if any required stipulated payment is not timely received or Defendant failed to remain current in its contributions.

10. In the event of default and failure by Defendant to cure such default, ¶ 11(b) specifically authorizes Plaintiffs to file the Stipulation with the Court for the purpose of having Judgment entered. Paragraph 11(c) provides that a Writ of Execution may be obtained against Defendant without further notice. Paragraph 11(d) provides that Defendant expressly waives all rights to stay of execution and appeal.

11. Pursuant to ¶ 12 of the Stipulation, Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with the collection and allocation of the amounts owed under the Stipulation. Attorneys' fees through October 12, 2011 are included in the Stipulation. Additional attorneys' fees in the amount of **$3,587.50** were incurred between October 13, 2011 and April 10, 2012, and cost of suit in the amount of **$350.00**, in Plaintiffs' attempts to satisfy Defendant's multiple defaults on the Stipulation and other amounts due under the Stipulation; correspondence with fund administrators; numerous correspondence with Defendant; and in the preparation of this Request for Entry of Judgment.

12. Pursuant to ¶ 5 of the Stipulation, Defendant shall submit all requested documents needed to complete the audit of its payroll records. Once all documents are submitted, a draft report shall be prepared and sent to Defendant for review. If Defendant does not contest the findings, then the report shall be finalized and if amounts are found due, then all such amounts will become part of the Judgment. Defendant failed to submit the requested documents.

13. The amounts due under the Stipulation for Entry of Judgment are therefore as follows:

| | | | |
|---|---|---|---|
| Balance due under Stipulation | | $5,736.87 | |
| Conditionally Waived Liquidated Damages | | $1,257.60 | |
| 5% Interest (through 4/10/12) | | $116.31 | |
| | | | $7,110.78 |
| September 2011 | Contribution Balance | $2,202.40 | |
| | 20% Liquidated Damages | $440.48 | |
| | 5% Interest (through 4/10/12) | $48.88 | |
| | | | $2,691.76 |
| October 2011 | Contributions (est.) | $6,602.40 | |

-3-
**REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-0695 JSW**

P:\CLIENTS\PATCL\Reyes Drywall (Roseville)\Pleadings\C12-0695 JSW - Request for Entry of Judgment 041612.DOC

|  |  |  |  |
|---|---|---|---|
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  | 5% Interest (through 4/10/12)(est.) | $119.39 |  |
|  |  |  | $8,042.27 |
| November 2011 | Contributions (est.) | $6,602.40 |  |
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  | 5% Interest (through 4/10/12)(est.) | $91.35 |  |
|  |  |  | $8,014.23 |
| December 2011 | Contributions (est.) | $6,602.40 |  |
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  | 5% Interest (through 4/10/12)(est.) | $63.31 |  |
|  |  |  | $7,986.19 |
| January 2012 | Contributions (est.) | $6,602.40 |  |
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  | 5% Interest (through 4/10/12)(est.) | $37.08 |  |
|  |  |  | $7,959.96 |
| February 2012 | Contributions (est.) | $6,602.40 |  |
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  | 5% Interest (through 4/10/12)(est.) | $9.04 |  |
|  |  |  | $7,931.92 |
| March 2012 | Contributions (est.) | $6,602.40 |  |
|  | 20% Liquidated Damages (est.) | $1,320.48 |  |
|  |  |  | $7,922.88 |
|  |  | SUB-TOTAL: | $57,659.99 |
| **Attorneys' fees (10/13/11 – 4/10/12)** |  |  | **$3,587.50** |
| **Cost of Suit** |  |  | **$350.00** |
|  |  | **TOTAL:** | **$61,597.49** |

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 16th day of April, 2012, at San Francisco, California.

_____/s/_____
Blake E. Williams

-4-
REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-0695 JSW

P:\CLIENTS\PATCL\Reyes Drywall (Roseville)\Pleadings\C12-0695 JSW - Request for Entry of Judgment 041612.DOC

1 IT IS SO ORDERED.

2     Judgment is hereby entered against Juan Hernandez Reyes, individually and doing
3 business as Reyes Drywall Construction, in the amount of **$61,597.49** including interest through
4 April 10, 2012 and continuing thereafter at the interest rate of 5% per annum through the date of
5 satisfaction of Judgment.

6     In addition, Defendant shall submit all required documentation to complete the audit of its
7 payroll records within fifteen (15) days of this Order. All amounts found due, if any, shall be
8 added to this Judgment.

11 Dated: __April 17, 2012_____   _____
12     THE HONORABLE JEFFREY S. WHITE
    UNITED STATES DISTRICT COURT JUDGE

-5-
**REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-0695 JSW**

P:\CLIENTS\PATCL\Reyes Drywall (Roseville)\Pleadings\C12-0695 JSW - Request for Entry of Judgment 041612.DOC